SUMMARY ORDER

Petitioner Yuejie Wang, a native and citizen of the People’s Republic of China, seeks review of a March 19, 2008 order of the BIA, affirming the May 7, 2007 decision of Immigration Judge (“IJ”) Margaret McManus, which denied her motion to reopen. In re Yuejie Wang, No. A077 707 303 (B.I.A. Mar. 19, 2008), aff'g No. A077 707 303 (Immig. Ct. N.Y. City May 7, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Wang’s untimely motion to reopen.
Wang argues that the agency erred by relying on its precedential decisions to summarily conclude that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Further, there is nothing in the agency’s decisions compelling the conclusion that it failed to take into account *89 all of Wang s evidence as we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006).
Wang asserts that the agency erred in failing to address whether the U.S. Department of State’s 2006 country report indicated that she would be subject to excessive fines amounting to persecution. However, that report does not indicate that they constitute changed country conditions or that such fines would amount to economic persecution for someone in Wang’s economic circumstances. See Guan Shan Liao v. U.S. Dep’t. of Justice, 293 F.3d 61, 70 (2d Cir.2002).
Finally, the agency’s determination that Wang was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008). Wang waives any challenge to the agency’s decision declining to rescind her in absentia order of removal. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).